UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES of AMERICA, | : |
| | : |
| v. | : |
| | : Criminal No. 12-0184(RJL) |
| ALFREDO BELTRÁN LEYVA, | : |
| | : |
| *Defendant.* | : |

**DEFENDANT'S REPLY TO GOVERNMENT'S NOTICE RE: SENTENCING**

  **DEFENDANT** Alfredo Beltrán Leyva ("Beltrán Leyva"), by and through undersigned counsel, respectfully submits his Reply to Government's Notice Re: Sentencing (Doc. 209) and states as follows:

  In an attempt to avoid a prolonged sentencing hearing, the government and the defense negotiated a stipulation concerning sentencing enhancements. On October 14, 2016, undersigned counsel emailed chambers and the government, stating "The parties have agreed to a stipulation concerning sentencing enhancements. I have attached a copy signed by my client and will present an original copy signed by the parties as soon as possible." At the status hearing on October 18, 2016, the Court rejected the proposed stipulation. The government now seeks to introduce the proposed stipulation at sentencing for two reasons.

  First, the government argues that the acknowledgement to the stipulation read in part "I further agree that all statements made in these stipulations can be used against me should I attempt to withdraw my plea." Gov. Notice at 1. While Mr. Beltrán Leyva may have signed the stipulation, the government never ratified the stipulation by providing an executed copy to the defense and never filed with the Court. Thus, it is the defense's position that the stipulation is null and void because it was never accepted by the government. Additionally, the stipulation

also read that the "Parties submit these stipulation to [the] Court as a basis for the Court to sentence the Defendant without an evidentiary hearing." Clearly, the sole reason for the stipulation was to avoid an evidentiary hearing.  When the Court rejected the stipulation, it *sua sponte* found that an evidentiary hearing was necessary.  Therefore, the intent of the stipulation was nullified by the Court and the objective of the stipulation became an impossibility.

Second, the government the government argues that the Court should not grant a reduction for acceptance of responsibility at sentencing because "the Defendant is now attempting to withdraw his guilty plea." Gov. Notice at 2.  The government's argument is once again unavailing.  Mr. Beltrán Leyva's Motion to Reconsider Rule of Specialty and Alternatively, to Limit Scope of Conspiracy states:   "were the Court to grant this Motion, Mr. Beltrán Leyva respectfully requests that the Court allow him to withdraw his guilty plea and proceed to trial." Doc. 197 at 1.  Any first-year law student would recognize Mr. Beltrán Leyva's request as precatory language that has no force unless the Court were to grant the Motion to Reconsider.

The Court must also consider U.S.S.G. § 3E1.1. Cmt. 2, which states:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pretrial statements and conduct.

In the instant matter, Mr. Beltran Leyva is asking the Court to reconsider a purely legal issue and is not challenging factual elements of guilt. Thus, he should not be automatically precluded from consideration for such a reduction.

**WHEREFORE**, for the foregoing reasons and any other that may become apparent to the Court, Mr. Beltran Leyva respectfully requests that the government's request be **DENIED**.

Dated: Washington, DC
January 20, 2017

Respectfully submitted,

**BALAREZO LAW**

By: _____/s/_____

A. Eduardo Balarezo, Esq.
D.C. Bar # 462659
400 Seventh Street, NW
Suite 306
Washington, DC  20004
Tel: (202) 639-0999
Fax: (202) 639-0899
E-mail: aeb@balarezolaw.com

*Counsel for Defendant Alfredo Beltrán Leyva*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 20th day of January 2017, I caused a true and correct copy of the foregoing Defendant's Reply to Government's Notice Re: Sentencing to be delivered via Electronic Case Filing to the parties in this case.

/s/
_____
A. Eduardo Balarezo