UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 12-184 (RJL) |
| | ) | |
| ALFREDO BELTRAN LEYVA | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**
(February 5, 2017) [Dkts. #197, #202, #203, #209]

**FILED**
FEB - 6 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**I.**

On February 23, 2016, Defendant Alfredo Beltran Leyva entered an unconditional plea of guilty to a one-count indictment charging conspiracy to distribute cocaine and methamphetamine.[1] Prior to pleading guilty, defendant had challenged the scope of the indictment, arguing that it included events that occurred in a time period for which he could not be prosecuted pursuant to the Rule of Specialty—that is, the doctrine that allows a foreign defendant to be prosecuted only for those charges that the foreign jurisdiction agreed to when approving the United States' extradition request. In a decision explained at the hearing of January 21, 2016, I denied defendant's request to limit the temporal scope of the charges because, in the section of the extradition agreement that summarized the conditions that would apply to the prosecution, Mexico

---

[1] The Court heard and granted a motion to dismiss the portion of the indictment that charged distribution of cocaine and marijuana.

expressly limited the controlled substances for which defendant could be prosecuted, but said nothing about the time period for which he could be prosecuted. Tr. of January 21, 2016 Hr'g 9:10-24 [Dkt. #197-1]. "[T]he Mexican government demonstrated that if it wanted to provide limitations in the extradition, it knew how to do so." *Id.* at 9:14-16. Citing some evidence that he did not have when the Court made that ruling, defendant now requests the Court reconsider this ruling and, only if I were to decide in his favor, allow him to withdraw his guilty plea. *See* Def.'s Mot.to Reconsider Mot. to Enforce Rule of Specialty or, Alternatively, to Limit Scope of Conspiracy [Dkt. #197]; Def.'s Reply 2-3 [Dkt. #223].

Unfortunately for defendant, he is trying to proceed in the wrong order. Because defendant's guilty plea is unconditional, he has waived his legal challenges to the indictment. *United States v. Miranda*, 780 F.3d 1185, 1188-92 (D.C. Cir. 2015) ("[A]ppellants entered unconditional guilty pleas, thereby waiving all challenges amenable to waiver." (citing *United States v. Delgado-Garcia,* 374 F.3d 1337, 1341 (D.C. Cir. 2004))). In order to renew that challenge, he would need to *first* withdraw his guilty plea. But defendant could not be clearer that he is not seeking to withdraw his guilty plea and then renew his legal challenge. He specifically rejected that interpretation of the situation when the government argued it. *See* Def.'s Reply to Gov't's Notice Re: Sentencing 2 [Dkt. #221]. Moreover, defendant specifically concedes one of the three criterion for granting a motion to withdraw a guilty plea: he admits the "factual elements of guilt." *Id.* at 3; *see United States v. Robinson*, 587 F.3d 1122, 1126-27, 1131-32 (D.C.

2

Cir. 2009) (holding defendants could not withdraw guilty pleas because, in part, they did not assert a viable claim of innocence).

There is an exception to the rule that a defendant waives his legal challenges when he enters an unconditional guilty plea, which exception the defendant has not invoked, but which the Court will nonetheless rule out in an abundance of caution. The law does not force a defendant to waive a challenge to a legal issue where an outcome in his favor would deprive the court of jurisdiction entirely or would otherwise implicate the defendant's due process right not to face a legal proceeding at all. *United States v. Delgado-Garcia*, 374 F.3d 1337, 1341 (D.C. Cir. 2004). But that is not the situation here. There is no question that defendant Beltran Leyva would have been rightfully facing a distribution charge for the time period he did not challenge even if he won his Rule of Specialty motion. Therefore, he does not qualify for the exception to the waiver; he waived his challenge to the Rule of Specialty decision when he entered his unconditional guilty plea.

Accordingly, it is hereby

**ORDERED** that the Defendant's Motion to Reconsider [Dkts. #197, #203] is **DENIED**.

## II.

Next, defendant questions whether the Government has been providing the *Brady* evidence to which he is entitled. Def.'s Fifth Mot. to Compel Disclosure of *Brady* Evidence [Dkt. #202]. He cites as his basis for this motion that the Government turned over evidence in advance of the sentencing hearing that might be exculpatory as to one of

3

the sentencing enhancements the Government is seeking. He suggests that the Government should have turned this evidence over in the merits phase. But that complaint is moot because, as explained above, defendant does not move to withdraw his guilty plea. Moreover, the Government is correct when it counters that the evidence it turned over was not relevant to the charged conduct of distribution, only to the sentencing enhancement of using or directing violence. Defendant has not been prejudiced, therefore, by getting the evidence before the hearing on the relevant enhancement. Hence, there is no reason to suspect the Government is deviating from its obligation to provide exculpatory evidence when it is relevant.

Accordingly, it is hereby

**ORDERED** that Defendant's Fifth Motion to Compel [Dkt. #202] is **DENIED**.

### III.

Finally, the Government files what it styles as a "notice" that it will rely at the sentencing hearing upon an agreement defendant signed stipulating to facts that would support certain sentencing enhancements in exchange for the Government agreeing not to ask for other enhancements. Notice Re: Sentencing [Dkt. #209]. The Court construes that notice as a motion and hereby **DENIES** the request to rely on the stipulation agreement at sentencing.

Upon review of the stipulation agreement, which the parties provided to the Court *in camera*, it is clear to the Court that the defendant signed it in reliance on the promise of a benefit that the Government could not ultimately provide him because the stipulation agreement was rejected by the Court. In the end I rejected the agreement because the

4

Government has a duty of candor to the Court at sentencing to present the defendant's actual offense conduct and relevant conduct as determined by its investigation. *See* U.S.S.G. § 6B1.4; *see also United States v. Ring*, 811 F. Supp. 2d 359, 365-67 (D.D.C. 2011) (discussing the reasons for not allowing the government to stipulate to certain offense or offender characteristics). The Court, in turn, has an obligation to make findings, based on that evidence, determining thereafter which enhancements properly apply to the ultimate calculation of the defendant's guideline range. *See id.* It would be a fundamental injustice to the defendant for the Court to rely on a stipulation of facts for which the defendant never received the benefit of the bargain. However, if the defendant at the sentencing hearing should seek to introduce evidence inconsistent with the signed stipulation, the Court would permit the government to use it, at a minimum, for impeachment purposes.

## IV.

In light of the resolution of the above legal issues, it is further

**ORDERED** that the Court will hear evidence as to the defendant's actual offense conduct and relevant conduct, and thereafter determine the appropriate sentence in this case, on February 14, 2017 at 10:00AM in Courtroom 18.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge