# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | **Criminal Case No. 12-184 (RJL)** |
| | ) | |
| ALFREDO BELTRAN LEYVA | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**

**FEB 1 3 2017**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM ORDER

(February _13_, 2017) [Dkts. #226 & #227]

Defendant Beltran Leyva has filed two consecutive motions, the first asking the Court to reconsider its ruling that the defendant waived his challenge to the Court's pretrial rulings when he entered an unconditional plea of guilty [Dkt. #226], and the second asking to withdraw the guilty plea [Dkt. #227].

The Court **DENIES** defendant's request [Dkt. #226] that the Court reconsider its denial of the Motion for Reconsideration. My reasons are the same as stated in my original decision [Dkt. #225]. By entering a guilty plea, defendant submitted to personal jurisdiction before the Court despite his prior challenge to the temporal scope of the indictment. Though there is a procedure for preserving a legal challenge in a guilty plea, *see* Fed. R. of Crim. P. 11(a)(2), defendant did not even attempt to exercise that option and even if he had, the Government has indicated it would not have approved it. In sum,

while defendant's guilty plea remains in place, he cannot challenge that the court has personal jurisdiction over him.

Defendant contends that he did not have to waive this particular challenge when he entered a guilty plea because his Rule of Specialty challenge qualifies for one of the two exceptions described in *United States v. Delgado-Garcia*, 374 F.3d 1337 (D.C. Cir. 2004). I explained why that was not the case in my original decision and will therefore only sparingly reiterate here why defendant is mistaken. Defendant's Rule of Specialty challenge sought to limit the temporal scope of the *evidence* that the Government could use to prove the elements of its conspiracy charge.[1] Such an evidentiary challenge does not go to the Court's jurisdiction because even if defendant won the challenge he "would still need to come to court to answer the charge brought against [him]." *United States v. Miranda*, 780 F.3d 1185, 1190 (D.C. Cir. 2015) (quotation marks omitted). Accordingly, defendant has waived his Rule of Specialty challenge.

The Court also **DENIES** defendant's motion to withdraw his guilty plea [Dkt. #227]. The Government's brief in opposition to the motion [Dkt. #233] accurately and succinctly explains the rationale for this outcome, despite having been prepared in very short order. The Court sees no need to reinvent the wheel here, but I will be explicit in noting the following grounds for my decision: I have weighed the three factors our Circuit has announced for whether it would be fair and just to allow defendant to

---

[1] Note also that the nature of this goal undermines the merits of defendant's Rule of Specialty challenge. *See United States v. Lopesierra-Gutierrez*, 708 F.3d 193, 206 (D.C. Cir. 2013) (The Doctrine of Specialty "governs prosecutions, not evidence.").

withdraw his guilty plea.  Those three factors are (1) whether the defendant has asserted a

viable claim of innocence; (2) whether the delay between the guilty plea and the motion

to withdraw has substantially prejudiced the government's ability to prosecute the case;

and (3) whether the guilty plea was somehow tainted.  *United States v. West*, 392 F.3d

450, 455 (D.C. Cir. 2004).

The first factor weighs strongly against defendant.  He has admitted facts under

oath in several contexts which make his claim of innocence utterly improbable.  First,

defendant admits he is guilty of the elements of the offense if the Government is allowed

to use facts from before 2008 to support the conspiracy charge.  As I have already ruled,

the Government is allowed to use such facts.  *See* Tr. of Jan. 21, 2016 Hr'g 9:10-24 [Dkt.

#197-1]; *cf. supra* n.1.  But even if defendant were to prevail on his legal theory, the

Court cannot credit his claim to innocence after 2008 because he admitted to being

responsible for the activity of the Beltran Leyva drug trafficking organization from 2000

to 2012 in a stipulation with the Government that he knew could be used against him

should he attempt to withdraw his guilty plea.  *See* Stipulation as to Sentencing

Enhancements ¶¶ 1-4 & p.6 (filed *in camera* with the Court).  Although the Court has

refused to allow the Government to rely exclusively on this stipulation at sentencing

because it was not fairly bargained for in that context, defendant's unequivocal waiver of

his right to challenge the use of the stipulation in this context makes it unassailable that

he has no viable claim to innocence and could not prevail if his guilty plea were

withdrawn. For this reason, and the several other that the Government explains in its brief, the Court finds the first factor weighs strongly against withdrawal.

The Government did not weigh in on the second factor—whether it would be prejudiced in prosecuting the case at this point—and so I will assume for the purposes of this decision that the prejudice would be only slight.

Finally, as to the third factor, defendant fails to convince the Court that his guilty plea was tainted. Defendant's objections to the Rule 11 colloquy are technical at best; there is no serious contention that the Court was not in "substantial compliance" with Rule 11 or that defendant did not understand the charge against him or the consequences of pleading guilty. *United States v. Ford*, 993 F.2d 249, 251 (D.C. Cir. 1993); *see also United States v. Ahn*, 231 F.3d 26, 33-35 (D.C. Cir. 2000). Moreover, defendant did not express any reservation in admitting the essential elements of the charge: that he was part of the conspiracy to distribute controlled substances between 2000 and 2012. *See* Tr. of Feb. 23, 2016 Hr'g 17:23-18:22 [Dkt. #175]. Defendant's contention that he did not understand he had the option to plead "not guilty" is farcical considering that he had persisted with a plea of not guilty up until that moment and that the Court explicitly explained defendant's right to go to trial. As to the defendant's other arguments that the Rule 11 colloquy was deficient, I adopt the Government's refutation.

Defendant advances one final theory of taint: that the attorney for a third party told the defendant that his family would be in danger if he went to trial. Even though such a threat could, in theory, constitute a legally sufficient taint, the Court cannot allow this

claim to carry much weight in the overall analysis here because this is the first time anyone, including defendant's own attorney, is hearing of this threat, despite an extremely careful protective procedure that has governed this case. Moreover, when the Court has gone through the pains it has in this case to protect the defendant and defendant's family, it must be entitled to rely in all but the most extenuating of circumstances on the defendant's assertion to the Court, under oath, that he was not coerced into pleading guilty. Looking at the balance of evidence, including defendant's litany of last-minute reasons to delay sentencing, I conclude that this attempt to withdraw his plea is, in the final analysis, is a last-minute change of heart based not on new information regarding a threat, but on his belief that the sentencing might not go as he had hoped when he decided to plead guilty. Considering all three factors together, it would not be fair or just to allow defendant to withdraw his plea of guilty.

As such, consistent with the Minute Order of February 10, 2017, the Court **DENIES** defendant's Motion for Reconsideration [#226] and his Motion to Withdraw Plea of Guilty [#227] and will proceed with sentencing as scheduled.


RICHARD J. LEON
United States District Judge

5